UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CYPRUS AMAX MINERALS COMPANY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TCI PACIFIC COMMUNICATIONS, INC., ) <br> AND CBS OPERATIONS INC. ) <br> ) <br> Defendants. ) <br> ) | Case No. 11-CV-0252-JED-PJC |

## OPINION AND ORDER

Before the Court is "Plaintiff Cyprus Amax Minerals Company's ("Cyprus") Objections to Magistrate Judge Cleary's October 12, 2012 Discovery Order" (Doc. 97). The Magistrate Judge, in his October 12, 2012 Opinion and Order (the "Order") (Doc. 93), denied Cyprus' Motion to Compel (Doc. 68) and granted defendants' Motion for Protective Order (Doc. 69). Cyprus' objections argue that the Order is contrary to, and misapplies, applicable law.

**I.      Background**

This case involves environmental contamination in the City of Collinsville, Oklahoma and surrounding areas, which is attributable to former zinc smelting operations. Cyprus, as a successor to the corporate parent company that operated one of the smelting facilities, has cooperated with state and federal authorities in remediating the contamination. Cyprus brought this action against the defendants pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act (42 U.S.C. § 9601 *et seq*.) ("CERCLA") and state law to recover costs it has incurred in that cleanup.

Cyprus' motion to compel (Doc. 68) seeks, among other things, disclosure of documents related to defendant CBS Operations, Inc.'s ("CBS Ops") purported acceptance of responsibility for the historical liabilities of New Jersey Zinc Company ("NJZ") by way of contractual agreements with NJZ's successor, TCI Pacific Communications, Inc. ("TCI"). As noted, the defendants filed a motion for protective order (Doc. 69), seeking to protect the requested documents from disclosure. Magistrate Judge Cleary held a hearing on the motions on September 11, 2012, and authorized the parties to file supplemental briefing on the issue at hand.

In the Order, the Magistrate Judge determined that the issues raised in Cyprus' Motion to Compel and defendants' Motion for Protective Order substantially, if not completely, overlapped. More particularly, the Order explored whether liability under CERCLA could have been transferred from TCI to CBS Ops. If not, the discovery sought by plaintiff regarding the liabilities assumed by CBS Ops would be irrelevant at this stage of the litigation, which the Magistrate Judge concluded. Specifically, the discovery sought by Cyprus was directed to the issue of whether CBS Ops assumed direct liability under CERCLA for cleanup of the Collinsville contamination site by way of the 1995 Implementation Agreement and the 1996 Bill of Sale entered into by the defendants. The Magistrate Judge determined that the requested discovery was irrelevant as, whatever liability CBS Ops may have assumed as TCI's indemnitor, TCI could not have transferred its underlying CERCLA liability to CBS Ops by way of the defendants' contractual agreements. In reaching this conclusion, the Magistrate Judge focused on the language found in section 107(e)(1) of CERCLA, 42 U.S.C. § 9607(e)(1), which in pertinent part provides:

> No indemnification, hold harmless, or similar agreement or conveyance shall be effective to transfer from the owner or operator of any vessel or facility or from any person who may be liable for a release or threat of release under this section, to any other person the liability imposed under this section. Nothing in this

>       subsection shall bar any agreement to insure, hold harmless, or indemnify a party
>       to such agreement for any liability under this section.

In interpreting these two seemingly contradictory sentences, the Magistrate Judge adopted the view held by the majority of courts addressing the purported transfer of CERCLA liability under § 9607(e)(1). That is, TCI's underlying CERCLA liability (i.e. direct liability), if any, could not have been transferred to CBS Ops by way of the 1995 Implementation Agreement because § 9607(e)(1) only permits parties to shift financial responsibility among one another.

Plaintiff Cyprus urges reversal of the Magistrate Judge's ruling denying the Motion to Compel and granting defendants' Motion for Protective Order, asserting that the Magistrate Judge's Order was "inconsistent with applicable law" because the Order does not specifically discuss whether CBS Ops created its own direct CERCLA liability by entering into the 1995 Implementation Agreement.[1]

## II.     Standard of Review

The district court reviews a magistrate judge's order on a non-dispositive motion under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(a); Fed.R.Civ.P. 72(a). "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Somerlott v. Cherokee Nation Distributors, Inc.*, 686 F.3d 1144, 1148 (10th Cir. 2012) (quoting *Rio Grande Silvery Minnow (Hybognathus amarus) v. Bureau of Reclamation*, 599 F.3d 1165, 1175 (10th Cir. 2010)). A magistrate is afforded broad discretion in the resolution of non-dispositive discovery disputes, and "the court will overrule the magistrate's

---

[1] While Cyprus' Objections and Reply in support thereof mention both the 1995 Implementation Agreement and 1996 Bill of Sale, Cyprus primarily relies upon the language of the 1995 Implementation Agreement. Accordingly, the discussion which follows refers only to the 1995 Implementation Agreement, as the language of these agreements does not affect the Court's ruling.

3

determination only if this discretion is abused." *Aircraft Fueling Sys., Inc. v. Sw. Airlines Co.*, , 2011 WL 4915549, at *1 (N.D. Okla. Oct. 17, 2011).

### III. Discussion

Cyprus argues that the 1995 Implementation Agreement between the defendants makes CBS Ops more than a mere indemnitor. Cyprus asserts that the language of that agreement evidences an intent on the part of CBS Ops to assume direct liability under CERCLA for cleanup of the Collinsville site (and other sites).[2] Cyprus cites *Caldwell Trucking PRP v. Rexon Technology Corp.*, 421 F.3d 234 (3d Cir. 2005) for the proposition that an entity can create direct liability under CERCLA by way of a contract with another entity that is already directly liable under CERCLA. In *Caldwell*, the Third Circuit found that the defendant had, by way of a comprehensive stock purchase agreement, agreed to assume all liabilities of another company, including the company's direct liability under CERCLA. *Id*. at 242. In reaching this conclusion, the *Caldwell* court focused on the expansive language used in the stock purchase agreement, which stated that defendant Rexon would "assume and become liable for…. any and all liabilities and obligations," including those related to "[e]nvironmental [l]aws." *Id*.

Notably, *Caldwell* contains no discussion of what the effect of § 9607(e)(1) -- a provision which the majority of courts, including the Tenth Circuit, hold prohibits the complete transfer of underlying CERCLA liability -- is, or should be, on such an agreement.[3] *See generally id*. at

---

[2] Defendants argue that Cyprus waived this argument by not raising it in its supplemental brief (Doc. 90). While not raised, much less discussed, in its supplemental brief, the substance of Cyprus' position is found in its Reply Brief in Further Support of [its] Motion to Compel (Doc. 79, pp. 2-3), which was incorporated by reference into Cyprus' supplemental brief (Doc. 90, p. 9). The Court thus finds that Cyprus' argument on this issue was adequately raised.

[3] *E.g., Harley-Davidson, Inc. v. Minstar Inc.*, 41 F.3d 341, 342-43 (7th Cir. 1994) (J. Posner); *U.S. v. Hardage*, 985 F.2d 1427, 1433 (10th Cir. 1993); *Mardan Corp. v. C.G.C. Music, Ltd.*,

4

241-45. The contractual creation of direct liability under CERCLA urged by Cyprus (and implicitly embraced by the *Caldwell* court) is, in effect, indistinguishable from a complete transfer of liability, which is, in the majority view, prohibited by CERCLA. This is because an agreement of this type would permit the purported transferee to be held directly liable for a past violation, while the purported transferor would theoretically be free from liability under the parties' contract, but for the operation of § 9607(e)(1). Hence, under Cyprus' view, the statute would be given effect with respect to one party (the transferor), but not the other (the transferee). Conversely, the parties' agreement would be given effect with respect to the transferee, but not the transferor. Such a result would fly in the face of § 9607(e)(1) *and* would be unfair to the defendants. Accordingly, this Court will not adopt the minority view -- implicitly approved in *Caldwell* -- permitting the transfer of CERCLA liability under § 9607(e)(1) as a result of the statute's language prohibiting such a transfer.

The Magistrate Judge's Order expressly rejects the *Caldwell* line of minority cases. As such, the Magistrate Judge's Order is not contrary to applicable law. *See U.S. v. Hardage*, 985 F.2d 1427, 1433 (10th Cir. 1993) (the "plain meaning of this language is that although responsible parties may not altogether *transfer* their CERCLA liability, they have the right to obtain indemnification for that liability.") (emphasis in original); *see also Niecko v. Emro Mktg. Co.*, 769 F. Supp. 973, 989 (E.D. Mich. 1991) *aff'd*, 973 F.2d 1296 (6th Cir. 1992) ("insurance, indemnification, or *hold harmless agreements* are valid *so long as they do not transfer liability*

---

804 F.2d 1454, 1459 (9th Cir. 1986); *Niecko v. Emro Marketing Co.*, 769 F. Supp. 973, 988-89 (E.D. Mich. 1991).

from an owner or operator to a third party…. The liability remains with the transferor; the transferee simply agrees to fund the cleanup on behalf of the transferor.") (emphasis added).[4]

Having thoroughly reviewed the Magistrate Judge's Order on plaintiff's Motion to Compel and defendants' Motion for Protective Order, Plaintiff's Objections thereto, the hearing transcript, and all briefing and documents related to the issue before the Court, the Court concludes that the Magistrate Judge's Order was not "clearly erroneous or contrary to law" within the meaning of Rule 72(a) of the Federal Rules of Civil Procedure. Given CERCLA's prohibition on the complete transfer of liability, Cyprus' requested discovery is irrelevant. The Magistrate Judge's Opinion and Order is therefore **AFFIRMED** and Cyprus' Objections thereto are **OVERRULED**.

**IT IS SO ORDERED** this 22nd day of January, 2013.

_____
JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE

---

[4] Given the Court's conclusion that a complete transfer/creation of direct CERCLA liability by contract is barred by § 9607(e)(1), there is no need to address the parties' arguments regarding construction of the 1995 Implementation Agreement or third-party beneficiary rights thereunder.