**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **CYPRUS AMAX MINERALS COMPANY,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 11-CV-252-JED-PJC** |
| **TCI PACIFIC COMMUNICATIONS, INC.** | |
| **Defendant.** | |

**DEFENDANT TCI PACIFIC COMMUNICATIONS, INC.'S**
**ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant TCI Pacific Communications, Inc. ("TCI") hereby provides the following in response to Plaintiff's Amended Complaint (Doc. 106) ("Complaint"). TCI denies all allegations in the Complaint not specifically admitted herein and reserves the right to amend and/or supplement its Answer and to assert additional Affirmative Defenses that may become relevant or apparent through the course of discovery or otherwise during the course of litigation.

**I.   NATURE OF THE CASE**

1.      TCI admits in part and denies in part the allegations of Paragraph 1 of the Complaint. The first three sentences and the seventh sentence of Paragraph 1 of the Complaint are Plaintiff's characterization of the action which does not require a response, but to the extent a response is deemed required, TCI denies the same. With regard to the fourth sentence of Paragraph 1, TCI admits that it is the successor, by merger, to New Jersey Zinc ("NJZ"). TCI further admits that its status as the successor, by merger, to NJZ, may make TCI responsible for certain liabilities of NJZ, to the extent that any NJZ liabilities are determined to exist. TCI denies that: (a) NJZ dominated or controlled TFMC or was the "alter ego" of TFMC, and (b)

1

NJZ managed, directed and/or conducted the operations of TFMC.  Therefore, TCI denies that NJZ has any liabilities resulting from NJZ's alleged domination and control of TFMC or from NJZ's alleged management, direction, or conduct relating to the operations of TFMC.  TCI further denies that it is responsible for any contingent, hypothetical, and/or undefined NJZ liabilities because there may have been circumstances demonstrating that a particular NJZ liability rests with another entity.  TCI denies the fifth and sixth sentences of Paragraph 1 of the Complaint as to TCI, and any remaining allegations in Paragraph 1 of the Complaint as to TCI. To the extent that the allegations of Paragraph 1 contain legal conclusions, no response is required; to the extent a response is required, however, TCI denies all such allegations.  TCI denies any remaining allegations in Paragraph 1 of the Complaint.  TCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint as to the other former Defendant, which has been dismissed from this action, and therefore denies any and all such allegations.

II.  **PARTIES**

2.  TCI lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 2 of the Complaint, and therefore denies such allegations.

3.  TCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint, and therefore denies such allegations. In further response, CBS Operations Inc. is a former Defendant who was dismissed with prejudice from this action as a result of the Court's Order of December 3, 2013.  *See* Doc. No. 142.

4.  TCI admits the allegations contained in Paragraph 4 of the Complaint.

### III.   JURISDICTION AND VENUE

5.   TCI admits that subject matter jurisdiction is proper in this Court.

6.   TCI admits that venue is proper in this Court as to TCI.

7.   TCI admits in part and denies in part the allegations of Paragraph 7 of the Complaint.  TCI admits that this Court may properly exercise personal jurisdiction over TCI.  Notwithstanding the foregoing, TCI denies any remaining allegations in Paragraph 7 of the Complaint as to TCI.

### IV.   FACTUAL ALLEGATIONS

#### Overview of Former Zinc Smelters

8.   TCI admits the allegations contained in Paragraph 8 of the Complaint.

9.   TCI admits in part and denies in part the allegations of Paragraph 9 of the Complaint.  TCI admits the first sentence of Paragraph 9.  TCI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 9 of the Complaint, and therefore denies such allegations.

10.   TCI lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 10 of the Complaint, and therefore denies such allegations.

11.   TCI admits in part and denies in part the allegations of Paragraph 11 of the Complaint.  TCI admits that TFMC was a corporation organized under the laws of the State of Kansas in 1906.  To the extent the allegations in Paragraph 11 of the Complaint contain legal conclusions, no response is required; to the extent a response is deemed required, however, TCI denies all such allegations.  TCI denies any remaining allegations in Paragraph 11 of the Complaint.

12.     To the extent the allegations in Paragraph 12 of the Complaint contain legal conclusions, no response is required; to the extent a response is deemed required, however, TCI denies all such allegations.   TCI denies any remaining allegations in Paragraph 12 of the Complaint.

13.     To the extent the allegations in Paragraph 13 of the Complaint contain legal conclusions, no response is required; to the extent a response is deemed required, however, TCI denies all such allegations.   TCI denies any remaining allegations in Paragraph 13 of the Complaint.

14.     TCI admits in part and denies in part the allegations of Paragraph 14 of the Complaint.  TCI admits that it is the successor, by merger, to NJZ.  TCI further admits that its status as the successor, by merger, to NJZ, may make TCI responsible for certain liabilities of NJZ, to the extent that any NJZ liabilities are determined to exist.  Because TCI denies that NJZ dominated or controlled TFMC or was the "alter ego" of TFMC, and/or because TCI denies that NJZ managed, directed, and/or conducted the operations of TFMC, TCI denies that NJZ has any liabilities resulting from NJZ's alleged domination and control of TFMC or from NJZ's alleged management, direction, or conduct relating to the operations of TFMC.  TCI further denies that it is responsible for any contingent, hypothetical, and/or undefined NJZ liabilities because there may have been circumstances demonstrating that a particular NJZ liability rests with another entity. To the extent the allegations in Paragraph 14 of the Complaint contain legal conclusions, no response is required; to the extent a response is deemed required, however, TCI denies all such allegations.   TCI denies any remaining allegations in Paragraph 14 of the Complaint.

15.     TCI admits in part and denies in part the allegations of Paragraph 15 of the Complaint.  TCI admits that it is the successor, by merger, to NJZ.  TCI denies any remaining

allegations in Paragraph 15 of the Complaint.  To the extent the allegations in Paragraph 15 of the Complaint contain legal conclusions, no response is required; to the extent a response is deemed required, however, TCI denies all such allegations.  As to the allegations directed toward CBS Ops., TCI states that its answer to Plaintiff's Complaint is made only on behalf of TCI and that this Court has entered an order dismissing CBS Ops. from this litigation.  *See* Doc. No. 142. TCI denies any remaining allegations in Paragraph 15 of the Complaint.

16.     TCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint, and therefore denies such allegations.

17.     TCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint, and therefore denies such allegations.

### Overview of Environmental Conditions and Remediation of the Smelters and Collinsville

18.     TCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint, and therefore denies such allegations.

19.     TCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint, and therefore denies such allegations.

20.     TCI denies the allegations in Paragraph 20 of the Complaint.  TCI states that USEPA or ODEQ have not demanded or requested that TCI participate in any investigation or remediation of the TFM Smelter Site as alleged in Paragraph 20 of the Complaint, and on that basis denies the allegation that it refused to participate.  TCI denies any remaining allegations in

Paragraph 20 of the Complaint as to TCI.  TCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint as to the other former Defendants, who have been dismissed from this action and, therefore, denies such allegations.

21.     TCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint, and therefore denies such allegations.

22.     TCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint, and therefore denies such allegations.

23.     TCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint, and therefore denies such allegations.

24.     TCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint, and therefore denies such allegations.

25.     TCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint, and therefore denies such allegations.

26.     TCI admits in part and denies in part the allegations of Paragraph 26 of the Complaint.  TCI admits that it is the successor, by merger, to NJZ.  TCI states that it has not been invited to participate in any investigation or remediation activities at the Collinsville Town Site, and on that basis denies the allegation that it refused to participate.  To the extent the allegations

in Paragraph 26 of the Complaint contain legal conclusions, no response is required; however, to the extent a response is deemed required, TCI denies all such allegations as to TCI.  TCI denies any remaining allegations in Paragraph 26 of the Complaint as to TCI.  TCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint as to the other former Defendants, each of whom has been dismissed from this action and, therefore, denies any and all such allegations.

## NJ Zinc Dominated and Controlled the Operations of TFMC

27.     TCI admits in part and denies in part the allegations of Paragraph 27 of the Complaint.  TCI admits that TFMC owned the property where TFMC conducted zinc smelting operations south of Collinsville.  TCI denies the remaining allegations contained in Paragraph 27 of the Complaint.

28.     To the extent the allegations in Paragraph 28 of the Complaint contain legal conclusions, no response is required; to the extent a response is deemed required, however, TCI denies such allegations.  TCI denies any remaining allegations in Paragraph 28 of the Complaint.

29.     TCI admits in part and denies in part the allegations of Paragraph 29 of the Complaint. TCI admits only that the 1912 Annual Report for TFMC identifies seven individuals as shareholders of TFMC stock.   To the extent the allegations in the second sentence of Paragraph 29 of the Complaint contain legal conclusions, no response is required; however, to the extent a response is deemed required, however, TCI denies all such allegations.  TCI denies any remaining allegations in Paragraph 29 of the Complaint.

30.     TCI admits in part and denies in part the allegations of Paragraph 30 of the Complaint.  TCI admits that certain NJ Zinc records identified in the Complaint referred to TFMC as a subsidiary.  TCI denies any remaining allegations in Paragraph 30 of the Complaint.

30. a) TCI admits in part and denies in part the allegations of Paragraph 30.a) of the Complaint. TCI admits that Paragraph 30.a) of the Complaint paraphrases and/or purports to summarize excerpts of material found in the July 1919 issue of *Zinc*. However, to the extent the allegations contained in Paragraph 30.a) of the Complaint attempt to interpret a written document or derive any legal or factual conclusions from it, either alone or as support for Paragraph 30 of the Complaint, TCI denies such allegations. TCI denies any remaining allegations in Paragraph 30.a) of the Complaint.

30. b) TCI admits in part and denies in part the allegations of Paragraph 30.b) of the Complaint. TCI admits that Paragraph 30.b) of the Complaint paraphrases and/or purports to summarize excerpts of material found in the 1912 annual report entitled "Mineral Resources of the United States" and in the July 1919 issue of *Zinc*. However, to the extent the allegations contained in Paragraph 30.b) of the Complaint attempt to interpret written documents or derive any legal or factual conclusions from such documents, either alone or as support for Paragraph 30 of the Complaint, TCI denies such allegations. TCI denies any remaining allegations in Paragraph 30.b) of the Complaint.

30. c) TCI admits in part and denies in part the allegations of Paragraph 30.c) of the Complaint. TCI admits that Paragraph 30.c) of the Complaint paraphrases and/or purports to summarize excerpts of material found in a 1925 publication known as "Moody's Analyses of Investments." However, to the extent the allegations contained in Paragraph 30.c) of the Complaint attempt to interpret a written document or derive any legal or factual conclusions from it, either alone or as support for Paragraph 30 of the Complaint, TCI denies such allegations. TCI denies any remaining allegations in Paragraph 30.c) of the Complaint.

30. d)   TCI admits in part and denies in part the allegations of Paragraph 30.d) of the Complaint.  TCI admits that Paragraph 30.d) of the Complaint paraphrases and/or purports to summarize excerpts of material found in a publication known as "Mining and Scientific Press." However, to the extent the allegations contained in Paragraph 30.d) of the Complaint attempt to interpret a written document or derive any legal or factual conclusions from it, either alone or as support for Paragraph 30 of the Complaint, TCI denies such allegations.   TCI denies any remaining allegations in Paragraph 30.d) of the Complaint.

30. e)   TCI admits in part and denies in part the allegations of Paragraph 30.e) of the Complaint.  TCI admits that Paragraph 30.e) of the Complaint paraphrases and/or purports to summarize excerpts of financial ledgers.  However, to the extent the allegations contained in Paragraph 30.e) of the Complaint attempt to interpret a written document or derive any legal or factual conclusions from it, either alone or as support for Paragraph 30 of the Complaint, TCI denies such allegations.   TCI denies any remaining allegations in Paragraph 30.e) of the Complaint.

30. f)   TCI admits in part and denies in part the allegations of Paragraph 30.f) of the Complaint.  TCI admits that Paragraph 30.f) of the Complaint paraphrases and/or purports to summarize excerpts of material found in a General Affidavit.  However, to the extent the allegations contained in Paragraph 30.f) of the Complaint attempt to interpret a written document or derive any legal or factual conclusions from it, either alone or as support for Paragraph 30 of the Complaint, TCI denies such allegations.    TCI denies any remaining allegations in Paragraph 30.f) of the Complaint.

30. g)   TCI admits in part and denies in part the allegations of Paragraph 30.g) of the Complaint.  TCI admits that Paragraph 30.g) of the Complaint paraphrases and/or purports to

summarize excerpts of material found in the record of a proceeding before the ICC.  However, to the extent the allegations contained in Paragraph 30.g) of the Complaint attempt to interpret a written document or derive any legal or factual conclusions from it, either alone or as support for Paragraph 30 of the Complaint, TCI denies such allegations.   TCI denies any remaining allegations in Paragraph 30.g) of the Complaint.

30. h)  TCI admits in part and denies in part the allegations of Paragraph 30.h) of the Complaint.  TCI admits that Paragraph 30.h) of the Complaint paraphrases and/or purports to summarize excerpts of material found in a publication known as "Statement of NJ Zinc." However, to the extent the allegations contained in Paragraph 30.h) of the Complaint attempt to interpret a written document or derive any legal or factual conclusions from it, either alone or as support for Paragraph 30 of the Complaint, TCI denies such allegations.   TCI denies any remaining allegations in Paragraph 30.h) of the Complaint.

31.     To the extent the allegations in Paragraph 31 of the Complaint contain legal conclusions, no response is required; to the extent a response is deemed required, however, TCI denies such allegations.  TCI denies any remaining allegations in Paragraph 31 of the Complaint.

32.     TCI admits in part and denies in part the allegations of Paragraph 32 of the Complaint.  TCI admits that Paragraph 32 of the Complaint paraphrases and/or purports to summarize excerpts of material found in the record of a proceeding before the ICC.  However, to the extent the allegations contained in Paragraph 32 of the Complaint attempt to interpret a written document or derive any legal or factual conclusions from it, either alone or as support for Paragraph 32 of the Complaint, TCI denies such allegations.   TCI denies any remaining allegations in Paragraph 32 of the Complaint.

33.    TCI admits in part and denies in part the allegations of Paragraph 33 of the Complaint.  TCI admits that Paragraph 33 of the Complaint paraphrases and/or purports to summarize excerpts of material found in the record of a proceeding before the ICC.  However, to the extent the allegations contained in Paragraph 33 of the Complaint attempt to interpret a written document or derive any legal or factual conclusions from it, either alone or as support for Paragraph 33 of the Complaint, TCI denies such allegations.  TCI denies any remaining allegations in Paragraph 33 of the Complaint.

34.    TCI admits in part and denies in part the allegations of Paragraph 34 of the Complaint.  TCI admits that Paragraph 34 of the Complaint paraphrases and/or purports to summarize excerpts of material found in the record of a proceeding before the ICC.  However, to the extent the allegations contained in Paragraph 34 of the Complaint attempt to interpret a written document or derive any legal or factual conclusions from it, either alone or as support for Paragraph 34 of the Complaint, TCI denies such allegations.  TCI denies any remaining allegations in Paragraph 34 of the Complaint.

35.    TCI admits in part and denies in part the allegations of Paragraph 35 of the Complaint.  TCI admits that Paragraph 35 of the Complaint purports to summarize excerpts of material found in organizational charts.  However, to the extent the allegations contained in Paragraph 35 of the Complaint attempt to interpret a written document or derive any legal or factual conclusions from it, either alone or as support for Paragraph 35 of the Complaint, TCI denies such allegations.  TCI denies any remaining allegations in Paragraph 35 of the Complaint.

36.    TCI admits in part and denies in part the allegations of Paragraph 36 of the Complaint.  TCI admits that Paragraph 36 of the Complaint paraphrases and/or purports to summarize excerpts of material found in the July 1919 issue of *Zinc*.  However, to the extent the

allegations contained in Paragraph 36 of the Complaint attempt to interpret a written document or derive any legal or factual conclusions from it, either alone or as support for Paragraph 36 of the Complaint, TCI denies such allegations.  TCI denies any remaining allegations in Paragraph 36 of the Complaint.

37.     TCI admits in part and denies in part the allegations of Paragraph 37 of the Complaint.  TCI admits that Paragraph 37 of the Complaint paraphrases and/or purports to summarize excerpts of material found in the November 1918 issue of *Zinc*.  However, to the extent the allegations contained in Paragraph 37 of the Complaint attempt to interpret a written document or derive any legal or factual conclusions from it, either alone or as support for Paragraph 37 of the Complaint, TCI denies such allegations.  TCI denies the allegations contained in the last sentence of Paragraph 37 of the Complaint.  TCI denies any remaining allegations in Paragraph 37 of the Complaint.

38.     TCI admits in part and denies in part the allegations of Paragraph 38 of the Complaint.  TCI admits that Paragraph 38 of the Complaint paraphrases and/or purports to summarize excerpts of material found in the April 1916 and February 1919 issues of *Zinc*. However, to the extent the allegations contained in Paragraph 38 of the Complaint attempt to interpret written documents or derive any legal or factual conclusions from them, either alone or as support for Paragraph 38 of the Complaint, TCI denies such allegations.  TCI denies any remaining allegations in Paragraph 38 of the Complaint.

39.     To the extent the allegations in Paragraph 39 of the Complaint contain legal conclusions, no response is required; however, to the extent a response is deemed required, TCI denies such allegations.  TCI denies any remaining allegations in Paragraph 39 of the Complaint.

40.     TCI admits in part and denies in part the allegations of Paragraph 40 of the Complaint.  TCI admits that Paragraph 40 of the Complaint paraphrases and/or purports to summarize excerpts of material found in the November 1918 and July 1919 issues of *Zinc*.  However, to the extent the allegations contained in Paragraph 40 of the Complaint attempt to interpret a written document or derive any legal or factual conclusions from it, either alone or as support for Paragraph 40 of the Complaint, TCI denies such allegations.  TCI denies any remaining allegations in Paragraph 40 of the Complaint.

41.     TCI admits in part and denies in part the allegations of Paragraph 41 of the Complaint.  TCI admits that Paragraph 41 of the Complaint paraphrases and/or purports to summarize excerpts of material found in a 1918 letter.  However, to the extent the allegations contained in Paragraph 41 of the Complaint attempt to interpret written documents or derive any legal or factual conclusions from such documents, alone or as support for Paragraph 41 of the Complaint, TCI denies such allegations.  TCI denies any remaining allegations in Paragraph 41 of the Complaint.

42.     TCI admits in part and denies in part the allegations of Paragraph 42 of the Complaint.  TCI admits that Paragraph 42 of the Complaint paraphrases and/or purports to summarize excerpts of material found in *Zinc*.  However, to the extent the allegations contained in Paragraph 42 of the Complaint attempt to interpret a written document or derive any legal or factual conclusions from it, either alone or as support for Paragraph 42 of the Complaint, TCI denies such allegations.  TCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 42 of the Complaint, and therefore denies such allegations.  TCI denies any remaining allegations in Paragraph 42 of the Complaint.

43.     TCI admits in part and denies in part the allegations of Paragraph 43 of the Complaint.  TCI admits that Paragraph 43 of the Complaint paraphrases and/or purports to summarize excerpts of material found in *Zinc*.  However, to the extent the allegations contained in Paragraph 43 of the Complaint attempt to interpret a written document or derive any legal or factual conclusions from it, either alone or as support for Paragraph 43 of the Complaint, TCI denies such allegations.  TCI denies any remaining allegations in Paragraph 43 of the Complaint.

44.     TCI admits in part and denies in part the allegations of Paragraph 44 of the Complaint.  To the extent the allegations in the first and third sentences of Paragraph 44 of the Complaint contain legal conclusions, no response is required; however, to the extent a response is deemed required, TCI denies such allegations.  TCI admits that Paragraph 44 of the Complaint paraphrases and/or purports to summarize excerpts of a Report of the New Jersey Zinc Pension Department.  However, to the extent the allegations contained in Paragraph 44 of the Complaint attempt to interpret a written document or derive any legal or factual conclusions from it, either alone or as support for Paragraph 44 of the Complaint, TCI denies such allegations.  TCI denies any remaining allegations in Paragraph 44 of the Complaint.

45.     TCI admits in part and denies in part the allegations of Paragraph 45 of the Complaint.  To the extent the allegations in the first and third sentences of Paragraph 45 of the Complaint contain legal conclusions, no response is required; however, to the extent a response is deemed required, TCI denies such allegations.  TCI admits that Paragraph 45 of the Complaint paraphrases and/or purports to summarize excerpts of a Report of the New Jersey Zinc Pension Department.  However, to the extent the allegations contained in Paragraph 45 of the Complaint attempt to interpret a written document or derive any legal or factual conclusions from it, either

alone or as support for Paragraph 45 of the Complaint, TCI denies such allegations.  TCI denies any remaining allegations in Paragraph 45 of the Complaint.

46.     To the extent the allegations in Paragraph 46 of the Complaint contain legal conclusions, no response is required; however, to the extent a response is deemed required, TCI denies such allegations.  TCI denies any remaining allegations in Paragraph 46 of the Complaint.

47.     To the extent the allegations in Paragraph 47 of the Complaint contain legal conclusions, no response is required; however, to the extent a response is deemed required, TCI denies such allegations.  TCI lacks knowledge or information sufficient to form a belief as to the truth of the allegation that New Jersey Zinc received as income the referenced dividend, and therefore denies such allegation.  TCI denies any remaining allegations in Paragraph 47 of the Complaint.

48.     To the extent the allegations in Paragraph 48 of the Complaint contain legal conclusions, no response is required; however, to the extent a response is deemed required, TCI denies such allegations.  TCI denies any remaining allegations in Paragraph 48 of the Complaint as to TCI.

49.     TCI admits the allegations contained in Paragraph 49 of the Complaint.

50.     To the extent the allegations in Paragraph 50 of the Complaint contain legal conclusions, no response is required; however, to the extent a response is deemed required, TCI denies such allegations.  TCI denies any remaining allegations in Paragraph 50 of the Complaint as to TCI.

**Defendants are the Successors and/or the Indemnitors to the Successors of NJ Zinc**

51.     TCI admits that it is the successor, by merger, to NJZ.  TCI further admits that its status as the successor, by merger, to NJZ, may make TCI responsible for certain liabilities of

NJZ, to the extent that any NJZ liabilities are determined to exist.  TCI denies that NJZ was the "alter ego" of TFMC and TCI denies that NJZ has any liabilities relating to the operations of TFMC.  TCI further denies that it is responsible for any contingent, hypothetical, and/or undefined NJZ liabilities because there may have been circumstances demonstrating that a particular NJZ liability rests with another entity.  To the extent the allegations in Paragraph 51 of the Complaint contain legal conclusions, no response is required; however, to the extent a response is deemed required, TCI denies such allegations as to TCI.  TCI denies any remaining allegations in Paragraph 51 of the Complaint as to TCI.  TCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of the Complaint as to the other former Defendants, each of whom has been dismissed from this litigation, and therefore denies such allegations.

52.     TCI admits the first and fifth sentences of Paragraph 52 of the Complaint.  With regard to the third sentence of Paragraph 52 of the Complaint, TCI admits that Gulf & Western Michigan merged into Gulf & Western Delaware, but states the date is not correct.  With regard to the seventh sentence of Paragraph 52 of the Complaint, TCI admits only that on or about June 2, 1989, Gulf+Western Inc. merged Paramount Communications Inc. into itself, and the name of the surviving company was Paramount Communications Inc.  The allegations in the second, fourth, sixth, and eighth sentences of Paragraph 52 of the Complaint contain legal conclusions to which no response is required; however, to the extent a response is deemed required, TCI denies such allegations.  TCI denies any remaining allegations in the second, fourth, sixth, and eighth sentences of Paragraph 52 of the Complaint.

53.     TCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 of the Complaint, and therefore denies such

allegations.  The allegations in the second sentence of Paragraph 53 of the Complaint contain legal conclusions to which no response is required; however, to the extent a response is deemed required, TCI denies such allegations.  TCI denies any remaining allegations in the second sentence of Paragraph 53 of the Complaint.

54.    TCI admits the first sentence of Paragraph 54 of the Complaint.  With regard to the second sentence of Paragraph 54 of the Complaint, TCI admits only that subsequent to the merger, Viacom International Inc.'s name was changed to TCI Pacific Communications, Inc. The allegations in the third and fourth sentences of Paragraph 54 of the Complaint contain legal conclusions to which no response is required; however, to the extent a response is deemed required, TCI denies such allegations.  With regard to any remaining allegations in the third and fourth sentences of Paragraph 54 of the Complaint, TCI admits only that CBS Op. has an indemnification obligation to TCI with respect to certain liabilities and denies the remainder. TCI denies any remaining allegations in Paragraph 54 of the Complaint.

55.    TCI admits the first sentence of Paragraph 55 of the Complaint.  The allegations in the second sentence of Paragraph 55 of the Complaint contain legal conclusions to which no response is required; however, to the extent a response is deemed required, TCI denies such allegations.  With regard to any remaining allegations in the second sentence of Paragraph 55 of the Complaint, TCI admits only that Viacom International II has an indemnification obligation to TCI with respect to certain liabilities and denies the remainder.  TCI denies any remaining allegations in Paragraph 55 of the Complaint.

56.    TCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 of the Complaint, and therefore denies such allegations.

57.     TCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 of the Complaint, and therefore denies such allegations.

58.     TCI admits that it is the successor, by merger, to NJZ.  TCI further admits that its status as the successor, by merger, to NJZ, may make TCI responsible for certain liabilities of NJZ, to the extent that any NJZ liabilities are determined to exist.  TCI denies:  (a) that NJZ was the former parent company, dominant corporate affiliate, and/or alter ego of TFMC; and (b) that NJZ has any liabilities relating to the operations of TFMC.  TCI further denies that it is responsible for any contingent, hypothetical, and/or undefined NJZ liabilities because there may have been circumstances demonstrating that a particular NJZ liability rests with another entity. To the extent the allegations in Paragraph 58 of the Complaint contain legal conclusions, no response is required; however, to the extent a response is deemed required, TCI denies such allegations as to TCI.  TCI denies any remaining allegations in Paragraph 58 of the Complaint as to TCI.  TCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 of the Complaint as to the other former Defendants, who have been dismissed from this action and, therefore, denies such allegations.

59.     TCI admits that it is the successor, by merger, to NJZ.  To the extent the allegations in Paragraph 59 of the Complaint contain legal conclusions, no response is required; however, to the extent a response is deemed required, TCI denies such allegations.  TCI denies any remaining allegations in Paragraph 59 of the Complaint as to TCI.  TCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 of the Complaint as to the other former Defendant, who has been dismissed from this action, and therefore any and all such allegations are denied.

**TFM Smelter Site**

60.     TCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of the Complaint, and therefore denies such allegations.

61.     TCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 of the Complaint, and therefore denies such allegations.

62.     TCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 of the Complaint, and therefore denies such allegations.

63.     TCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 of the Complaint, and therefore denies such allegations.

64.     TCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 of the Complaint, and therefore denies such allegations.

65.     TCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65 of the Complaint, and therefore denies such allegations.

66.     TCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 of the Complaint, and therefore denies such allegations.

67.     TCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 of the Complaint, and therefore denies such allegations.

68.     TCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 of the Complaint, and therefore denies such allegations.

69.     TCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 of the Complaint, and therefore denies such allegations.

70.     TCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 of the Complaint, and therefore denies such allegations.

71.     TCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 of the Complaint, and therefore denies such allegations.

## The BZ Smelter Site

72.     TCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 of the Complaint, and therefore denies such allegations.

73.     TCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73 of the Complaint, and therefore denies such allegations.

74.     TCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74 of the Complaint, and therefore denies such allegations.

75.     TCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75 of the Complaint, and therefore denies such allegations.

## The Collinsville Town Site and the Collinsville Soil Program

76.     TCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76 of the Complaint, and therefore denies such allegations.

77.     TCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77 of the Complaint, and therefore denies such allegations.

78.     TCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 78 of the Complaint, and therefore denies such allegations.

79.     TCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79 of the Complaint, and therefore denies such allegations.

80.     TCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80 of the Complaint, and therefore denies such allegations.

## The Performance of the Collinsville Soil Program by Cyprus Amax

81.     TCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81 of the Complaint, and therefore denies such allegations.

82.     TCI denies the allegations in Paragraph 82 of the Complaint.  TCI states that it has not been invited to participate in the remediation of the Collinsville Town Site or the CSP, and on that basis denies the allegations in Paragraph 82 of the Complaint as to TCI.  TCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82 of the Complaint as to the other former Defendant, who has been dismissed from this action, and therefore such allegations are denied.

83.     TCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83 of the Complaint, and therefore denies such allegations.

84.     TCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 84 of the Complaint, and therefore such allegations are denied.

85.     TCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85 of the Complaint, and therefore denies such allegations.

86.     TCI denies the allegations in Paragraph 86 of the Complaint as to TCI.  TCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86 of the Complaint as to the other former Defendant, who has been dismissed from this action, and therefore such allegations are denied.

87.     TCI admits that it is not a party to any Consent Decree but denies the remaining allegations in Paragraph 87 of the Complaint as to TCI.  TCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87 of the Complaint as to the other former Defendant, who has been dismissed from this action, and therefore such allegations are denied.

88.     Paragraph 88 of the Complaint is a characterization of the action and statement of the relief requested in the nature of a prayer to which no response is required; however, to the extent a response is deemed required, TCI denies the allegations of this Paragraph as to TCI. TCI further states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph as to the other former Defendant, who has been dismissed from this action, and therefore such allegations are denied.

**COUNT I**
**COST RECOVERY PURSUANT TO CERCLA §107, 42 U.S.C. §9607**
**AS A FORMER OWNER AND/OR OPERATOR**

89-104.     This Count has been dismissed with prejudice by the Court's Order of December 3, 2013 and therefore no response is required.

**COUNT II**
**COST RECOVERY PURSUANT TO**
**CERCLA §107, 42 U.S.C. §9607 AS AN ARRANGER**

105-113.     This Count has been dismissed with prejudice by the Court's Order of December 3, 2013 and therefore no response is required.

**COUNT III**
**CONTRIBUTION PURSUANT TO CERCLA §113(f)(1), 42 U.S.C. §9613(f)(1),**
**AS A FORMER OWNER AND/OR OPERATOR**

114.     TCI re-alleges and incorporates by reference its answers to Paragraphs 1 through 113 of the Complaint with the same force and effect as if set forth in full below.

115.    Paragraph 115 of the Complaint recites a statute and does not require a response.

116.    TCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 116 of the Complaint, and therefore denies such allegations.

117.    Count I has been dismissed with prejudice by the Court's Order of December 3, 2013.  To the extent a response is deemed required, TCI denies any remaining allegations in Paragraph 117.

118.    TCI denies the allegations in Paragraph 118 of the Complaint as to TCI. TCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 118 of the Complaint as to the other former Defendant, who has been dismissed from this action, and therefore such allegations are denied.

119.    TCI denies the allegations in Paragraph 119 of the Complaint as to TCI.  TCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 119 of the Complaint as to the other former Defendant, who has been dismissed from this action, and therefore such allegations are denied.

120.    TCI denies the allegations in Paragraph 120 of the Complaint as to TCI.  TCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 120 of the Complaint as to the other former Defendant, who has been dismissed from this action, and therefore such allegations are denied.

WHEREFORE:  No response is required to the unnumbered "WHEREFORE" (or prayer) paragraph under Count III; but to the extent a response may be deemed required, TCI denies the allegations in this Paragraph of the Complaint as to TCI, and further states that TCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in

this Paragraph of the Complaint as to the other former Defendant, who has been dismissed from this action, and therefore such allegations are denied.

## COUNT IV
## CONTRIBUTION PURSUANT TO CERCLA §113(f)(1), 42 U.S.C. §9613(f)(1), AS AN ARRANGER

121.     TCI re-alleges and incorporates by reference its answers to Paragraphs 1 through 120 of the Complaint with the same force and effect as if set forth in full below.

122.     Paragraph 122 of the Complaint recites a statute and does not require a response.

123.     TCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 123 of the Complaint, and therefore denies such allegations.

124.     Count II has been dismissed with prejudice by the Court's Order of December 3, 2013.  To the extent a response is deemed required, TCI denies any remaining allegations in Paragraph 124.

125.     TCI denies the allegations in Paragraph 125 of the Complaint as to TCI. TCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 125 of the Complaint as to the other former Defendant, who has been dismissed from this action, and therefore such allegations are denied.

126.     TCI denies the allegations in Paragraph 126 of the Complaint as to TCI.  TCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 126 of the Complaint as to the other former Defendant, who has been dismissed from this action, and therefore such allegations are denied.

127.     TCI denies the allegations in Paragraph 127 of the Complaint as to TCI. TCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in

Paragraph 127 of the Complaint as to the other former Defendant, who has been dismissed from this action, and therefore such allegations are denied.

WHEREFORE:  No response is required to the unnumbered "WHEREFORE" (or prayer) paragraph under Count IV; but to the extent a response may be deemed required, TCI denies the allegations in this Paragraph of the Complaint as to TCI, and further states that TCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Complaint as to the other former Defendant, who has been dismissed from this action, and therefore such allegations are denied.

### COUNT V
### CONTRIBUTION PURSUANT TO CERCLA §113(f)(3)(B), 42 U.S.C. §9613(f)(3)(B), AS FORMER OWNER AND/OR OPERATOR

128.    TCI re-alleges and incorporates by reference its answers to Paragraphs 1 through 127 of the Complaint with the same force and effect as if set forth in full below.

129.    Paragraph 129 of the Complaint recites a statute and does not require a response.

130.    TCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 130 of the Complaint, and therefore denies such allegations.

131.    TCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 131 of the Complaint, and therefore denies such allegations.

132.    TCI admits the allegations in Paragraph 132 of the Complaint as to TCI.  TCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 132 of the Complaint as to the other former Defendant, who has been dismissed from this action, and therefore such allegations are denied.

133.    TCI denies the allegations in Paragraph 133 of the Complaint as to TCI.  TCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 133 of the Complaint as to the other former Defendant, who has been dismissed from this action, and therefore such allegations are denied.

134.    TCI denies the allegations in Paragraph 134 of the Complaint as to TCI.  TCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 134 of the Complaint as to the other former Defendant, who has been dismissed from this action, and therefore such allegations are denied.

135.    TCI denies the allegations in Paragraph 135 of the Complaint as to TCI.  TCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 135 of the Complaint as to the other former Defendant, who has been dismissed from this action, and therefore such allegations are denied.

136.    TCI denies the allegations in Paragraph 136 of the Complaint as to TCI.  TCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 136 of the Complaint as to the other former Defendant, who has been dismissed from this action, and therefore such allegations are denied.

WHEREFORE:  No response is required to the unnumbered "WHEREFORE" (or prayer) paragraph under Count V; but to the extent a response may be deemed required, TCI denies the allegations in this Paragraph of the Complaint as to TCI, and further states that TCI lacks knowledge or information sufficient to form a belief as to the other former Defendant, who has been dismissed from this action, and therefore such allegations are denied.

**COUNT VI**
**CONTRIBUTION PURSUANT TO CERCLA §113(3)(B), 42 U.S.C. §9613(f)(3)(B),**
<u>**AS AN ARRANGER**</u>

137.    TCI re-alleges and incorporates by reference its answers to Paragraphs 1 through 136 of the Complaint with the same force and effect as if set forth in full below.

138.    Paragraph 138 of the Complaint recites a statute and does not require a response.

139.    TCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 139 of the Complaint, and therefore denies such allegations.

140.    TCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 140 of the Complaint, and therefore denies such allegations.

141.    TCI admits the allegations in Paragraph 141 of the Complaint as to TCI.  TCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 141 of the Complaint as to the other former Defendant, who has been dismissed from this action, and therefore such allegations are denied.

142.    Count I has been dismissed with prejudice by the Court's Order of December 3, 2013.  To the extent a response is deemed required, TCI denies any remaining allegations in Paragraph 142.

143.    TCI denies the allegations in Paragraph 143 of the Complaint as to TCI.  TCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 143 of the Complaint as to the other former Defendant, who has been dismissed from this action, and therefore such allegations are denied.

144.     TCI denies the allegations in Paragraph 144 of the Complaint as to TCI.  TCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 144 of the Complaint as to the other former Defendant, who has been dismissed from this action, and therefore such allegations are denied.

145.     TCI denies the allegations in Paragraph 145 of the Complaint as to TCI.  TCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 145 of the Complaint as to the other former Defendant, who has been dismissed from this action, and therefore such allegations are denied.

WHEREFORE:  No response is required to the unnumbered "WHEREFORE" (or prayer) paragraph under Count VI; but to the extent a response may be deemed required, TCI denies the allegations in this Paragraph of the Complaint as to TCI, and further states that TCI lacks knowledge or information sufficient to form a belief as to the other former Defendant, who has been dismissed from this action, and therefore such allegations are denied.

## COUNT VII
## DECLARATORY JUDGMENT PURSUANT TO
## CERCLA §113(g)(s), 42 U.S.C. §9613(g)(2)

146.     TCI re-alleges and incorporates by reference its answers to Paragraphs 1 through 145 of the Complaint with the same force and effect as if set forth in full below.

147.     Paragraph 147 of the Complaint is a characterization of the action to which no response is required; however, to the extent a response is deemed required, TCI denies the allegations contained in Paragraph 147 as to TCI, and states that TCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 147 as to the other former Defendant, who has been dismissed from this action, and therefore denies such allegations.

148.    Paragraph 148 of the Complaint is a characterization of the action to which no response is required; however, to the extent a response is deemed required, TCI denies the allegations contained in Paragraph 148 as to TCI, and states that TCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 148 as to the other former Defendant, who has been dismissed from this action, and therefore such allegations are denied.

WHEREFORE:  No response is required to the unnumbered "WHEREFORE" (or prayer) paragraph under Count VII; but to the extent a response may be deemed required, TCI denies the allegations in this Paragraph of the Complaint as to TCI, and further states that TCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Complaint as to the other former Defendant, who has been dismissed from this action, and therefore such allegations are denied.

## COUNT VIII
## UNJUST ENRICHMENT

149-154.    This Count has been dismissed with prejudice by the Court's Order of December 3, 2013 and therefore no response is required.

## AFFIRMATIVE DEFENSES

TCI states the following affirmative defenses without assuming any burden of proof or production that would otherwise rest on the Plaintiff.

1.    The Complaint fails to state a claim upon which relief can be granted.

2.    Plaintiff's claims against TCI are barred in whole or in part because TCI or its predecessors did not cause, or contribute to causing, response costs incurred by the Plaintiff.

3.      Plaintiff's claims against TCI are barred in whole or in part because TCI or its predecessors have not caused the release and/or any threatened release of a hazardous substance at any site at issue in this case.

4.      Plaintiff's alleged injuries, if any, have been caused by the acts and/or omissions of Plaintiff or third parties over whom TCI or its predecessors had no control or right to control.

5.      Plaintiff's claims against TCI are barred in whole or in part because some or all of Plaintiff's response costs were not necessary and/or were not incurred consistent with the National Contingency Plan.

6.      TCI is not responsible or liable for any acts or omissions undertaken by or at the direction of any governmental authority or agency.

7.      Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations.

8.      Plaintiff's claims against TCI are barred in whole or in part by the doctrines of laches, waiver, and/or estoppel.

9.      Plaintiff's claims against TCI are barred in whole or in part because Plaintiff has failed to mitigate its alleged damages.

10.      Plaintiff has not joined all of the party/parties at fault for its alleged injuries.  TCI reserves its rights at trial to seek an allocation of fault to and contribution from such party/parties.

11.      Plaintiff's claims are barred by failure to join indispensable parties.

12.      Plaintiff's claims are barred, in whole or in part, by the doctrines of in pari delicto and/or unclean hands.

13.     At all times relevant hereto, TCI acted in good faith and complied with all applicable laws, rules, and regulations and exercised due care consistent with its knowledge at the time.

Respectfully submitted,

BY: /s/ Mark D. Coldiron
Mark D. Coldiron, OBA #1774
Paula M. Jantzen, OBA #20464
Seth D. Coldiron, OBA #20041
RYAN WHALEY COLDIRON SHANDY PLLC
119 North Robinson, Suite 900
Oklahoma City, Oklahoma  73102
(405) 239-6040 Telephone
(405) 239-6766 Facsimile
mcoldiron@ryanwhaley.com
pjantzen@ryanwhaley.com

-and-

Paul D. Steinman, PA. Bar #49730
ECKERT SEAMANS CHERIN & MELLOTT
LLC
U. S. Steel Tower
600 Grant Street, 44th Floor
Pittsburgh, PA  15219
(412) 566-6000 Telephone
(412) 566-6099 Facsimile
psteinman@eckertseamans.com
Counsel for TCI Pacific Communications, Inc.

## <u>CERTIFICATE OF SERVICE</u>

   I hereby certify that on this 17th day of December, 2013, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Reid Edward Robison
Timothy James Bomhoff
McAfee & Taft A Professional Corporation
211 N. Robinson, 10th Fl.
Oklahoma City, OK 73102
Email: reid.robison@mcafeetaft.com
Email: tim.bomhoff@mcafeetaft.com

John F. Stoviak
Cathleen M. Devlin
Christina D. Riggs
Amy L. Piccola
Saul Ewing LLP (Philadelphia)
1500 Market St. 38th Fl
Philadelphia, PA 19102-2186
Email: jstoviak@saul.com
Email: cdevlin@saul.com
Email: criggs@saul.com
Email: phromisin@saul.com
Email: APiccola@saul.com
Counsel for Plaintiff


         */s/ Mark D. Coldiron*