UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CYPRUS AMAX MINERALS COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 11-CV-0252-CVE-PJC |
| | ) | |
| TCI PACIFIC COMMUNICATIONS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## OPINON AND ORDER

Now before the Court is defendant's Motion to Declare the Temporal Scope of the Court's February 2, 2015 Order on Alter Ego Status (Dkt. # 215). Plaintiff Cyprus Amax Mineral Company (Cyprus) filed this case seeking contribution under the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. § 9601 et seq. (CERCLA), from defendant TCI Pacific Communications, Inc. (TCI). Cyprus alleges that TCI is the successor-in-interest to New Jersey Zinc Company (NJZ), and that Tulsa Fuel and Management Company (TFMC) was a subsidiary of NJZ. Cyprus claims that TCI is liable for environmental harm caused by TFMC's operations in Collinsville, Oklahoma, because TFMC was the alter ego of NJZ and TCI has assumed responsibility for the liabilities of NJZ. On February 2, 2015, the Court entered an opinion and order (Dkt. # 183) finding that TFMC was the alter ego of NJZ. TCI asks the Court to find that TFMC was the alter ego of NJZ only between February 26, 1918 and June 9, 1923. Dkt. # 215.

On April 26, 2011, Cyprus filed this case alleging that NJZ was the parent company of TFMC and, under an alter ego theory, that NJZ was responsible for the debts and liabilities of TFMC. TFMC and NJZ are no longer in existence, but Cyprus claimed that TCI, Viacom, CBS Corporation, and CBS Operations, Inc. were the successors-in-interest of NJZ. TCI has admitted

that it is the successor-in-interest to NJZ. Dkt. # 143, at 1. Cyprus voluntarily dismissed defendants Viacom and CBS Corporation. Dkt. ## 59, 63. The remaining defendants, TCI and CBS Operations, Inc., filed a motion (Dkt. # 53) for a ruling as to whether Kansas or Oklahoma law applied to the issue of piercing the corporate veil under an alter ego theory. The judge then assigned to the case, the Honorable Gregory K. Frizzell, found that Kansas law applied to this case, because laws of the state of incorporation ordinarily governed the disputed issue and TFMC was incorporated in Kansas. Dkt. # 89. The case was reassigned to the Honorable John E. Dowdell. Dkt. # 105. TCI and CBS Operations, Inc. filed a motion to dismiss (Dkt. # 114) Cyprus' claims for failure to state a claim upon which relief can be granted. The motion to dismiss was granted in part and denied in part. Dkt. # 142. All pending claims against CBS Operations, Inc. were dismissed with prejudice, and the unjust enrichment claim and certain of Cyprus' CERCLA claims were dismissed as to TCI. However, Counts III through VII of the amended complaint remain pending against TCI. The case was randomly reassigned to the undersigned following the recusal of Judge Dowdell. Dkt. # 144. The undersigned directed the parties to submit motions for summary judgment "on the issue of TFMC's and [NJZ's] corporate relationship, including any arguments as to piercing the corporate veil . . . ." Dkt. # 145, at 20. Cyprus and TCI filed motions for summary judgment (Dkt. ## 151, 161) concerning the corporate relationship of TFMC and NJZ.

On February 2, 2015, the Court entered a 31 page opinion and order granting Cyprus' motion for summary judgment and found that TFMC was the alter ego of NJZ. The Court provided a detailed review of the history concerning the formation and operation of TFMC, and discussed NJZ's involvement with TFMC from TFMC's formation in 1906 to its dissolution in 1926. Dkt. # 183, at 2-9. The parties and their experts noted that gaps in the historical record made it difficult

to determine the financial condition of TFMC, and each side asked the Court to make certain inferences based on the limited evidence as to TFMC's day-to-day operations. Id. at 3, 18-20, 25. Records from 1912 showed that the president of NJZ, Edgar Palmer, owned the vast majority of TFMC's stock, and the rest of TFMC's stock was owned by persons with close connections to NJZ. Id. at 16. When TFMC was dissolved in 1926, the individual stock owners did not receive a dividend, but NJZ received a dividend of $500,000. Id. The Court relied on statements made by officers of NJZ in proceedings before the Interstate Commerce Commission (ICC) as evidence that NJZ wholly dominated and controlled the operations of TFMC and that NJZ held out to others that TFMC was operated as a department or division of NJZ. Id. at 14, 16, 18, 22, 24, 28-29. In a brief submitted to the ICC, NJZ stated that it "in fact and in constant practice manages and directs the operations of its subsidiary companies, including [TFMC] without regard to corporate lines of separation, and constantly exercises its authority to act for and in behalf of its subsidiaries in any and all matters . . . ." Dkt. # 153-1, at 37. The Court declined to give significant weight to the competing opinions of the parties' accounting experts due to the lack of historical evidence, and the Court did not make a conclusive finding that TFMC was undercapitalized or that NJZ financed the operations of TFMC. Dkt. # 183, at 20-21. The Court considered statements by NJZ officers in issues of Zinc magazine and a report submitted to the Federal Trade Commission that subsidiaries of NJZ were operated for the benefit of NJZ, and any profit generated by subsidiaries, such as TFMC, flowed to and was credited to NJZ. Id. at 8-9, 25. Evidence showed that TFMC had a stockholder's meeting in 1912, but there was little other evidence showing that TFMC observed corporate formalities. Id. at 26. The Court provided a summary explaining that its decision was based on all of the evidence, not just the ICC proceedings. Id. at 30-31.

The Court entered a scheduling order for discovery and dispositive motions as to TCI's potential liability under CERCLA. Dkt. ## 186, 196. The parties' dispositive motions were due no later than July 22, 2016. Dkt. # 196. Cyprus and TCI have filed motions for summary judgment (Dkt. ## 213, 216) as to TCI's CERCLA liability, but TCI has also filed a motion (Dkt. # 215) seeking a declaration as to the temporal scope of the Courts' alter ego ruling. TCI argues that the Court found that TFMC was the alter ego of NJZ based exclusively on the evidence related to the ICC proceedings, and the Court should limit TCI's liability under CERCLA to acts that occurred between February 26, 1918 and June 9, 1923.[1] Dkt. # 215. The Court has reviewed TCI's motion and finds that it should be treated as a motion to reconsider the Court's opinion and order (Dkt. # 183). Although TCI claims that it is not challenging the Court's summary judgment ruling, TCI's motion (Dkt. # 215) is based on the same factual and legal arguments already presented to the Court, and TCI implies that Court erred by not expressly placing a temporal limitation on TCI's liability. It is clear that TCI is attempting to avoid having its motion treated as a request for reconsideration, but granting the relief sought by TCI would significantly alter or amend the Court's prior alter ego ruling and the issue raised by TCI could have been raised in TCI's motion on that issue (Dkt. # 161). The Court treats TCI's motion (Dkt. # 215) under Fed. R. Civ. P. 54(b), as the underlying order is not a final order or judgment. See Raytheon Constructors, Inc. v. Asarco Inc., 368 F.3d 1214, 1217 (10th Cir.2003). The Court may call into play the legal standards applicable to a Rule 59(e) motion to alter or amend judgment. See e.g., Official Committee of Unsecured Creditors of Color Tile, Inc.

---

[1] TCI has selected these dates based on the tenure of C.H. George's employment with NJZ and the date of the last filing in the ICC proceedings. Dkt. # 215, at 20. George was the primary witness at an administrative hearing before the ICC. Dkt. # 183, at 6. However, these dates are not found in the Court's opinion and order and the Court did not consider the length of George's employment or the dates of filings with the ICC as factors in its decision.

v. Coopers & Lybrand LLP, 322 F.3d 147, 167 (2d Cir. 2003). A motion to reconsider, like a motion to alter or amend judgment, should be granted only upon the following grounds: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice." Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000); see Adams v. Reliance Standard Life Ins. Co., 225 F.3d at 1186 n. 5 (10th Cir. 2000). The Court will exercise its discretion to review TCI's motion to reconsider under the standards applicable to Rule 59(e) motions. When ruling on a Rule 59(e) motion, a party may not attempt to "revisit issues already addressed or advance arguments that could have been raised in prior briefing." Servants of the Paraclete, 204 F.3d at 1012.

The Court finds that TCI could have raised the issue of a temporal limitation as to alter ego status in its motion on that issue or in its response to Cyprus' motion on that issue, and this argument is not based on newly discovered evidence or a change in the law. Dkt. ## 161, 174. The Court also notes that TCI's motion (Dkt. # 215) was filed almost a year and a half after the Court entered its opinion and order denying TCI's earlier motion for summary judgment. If TCI believed that the Court failed to address an issue in its summary judgment ruling, TCI should have promptly raised the issue instead of waiting until the dispositive motion cutoff for the next stage of the litigation to raise this issue. See Dkt. # 196 (amended scheduling order setting dispositive motion cutoff of July 22, 2016 for summary judgment motions). TCI's motion for a temporal limitation as to its potential CERCLA liability can be denied solely on the ground that it is an improper and untimely motion to reconsider. However, the Court also finds that the motion lacks merit. The Court has reviewed all of the factual findings in its opinion and order (Dkt. # 183) and finds no basis for the temporal limitation requested by TCI. Although the Court relied on the ICC proceedings, this was not the

only evidentiary support for Cyprus' argument that TFMC was the alter ego of NJZ, and the Court relied on evidence dating from 1906 to 1926 in ruling on the parties' motions. The Court did not find that TFMC was the alter ego of NJZ solely due to George's testimony, and TCI's motion is based on an unreasonably narrow reading of the Court's opinion and order. TCI's motion to impose a temporal limitation on the Court's finding that TFMC was the alter ego of NJZ is denied.

**IT IS THEREFORE ORDERED** that defendant's Motion to Declare the Temporal Scope of the Court's February 2, 2015 Order on Alter Ego Status (Dkt. # 215) is **denied**.

**DATED** this 31st day of March, 2017.

*Claire V. Eagan*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE