IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

CYPRUS AMAX MINERALS COMPANY, :
:
Plaintiff, : Case No. 11-CV-252-CVE-FHM
v. :
:
TCI PACIFIC COMMUNICATIONS, LLC, :
:
Defendant. :

**PLAINTIFF'S OBJECTIONS TO CERTAIN OF DEFENDANT'S
PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Plaintiff Cyprus Amax Minerals Company ("Cyprus") hereby objects to the following proposed Findings of Fact and Conclusions of Law submitted by Defendant TCI Pacific Communications, LLC ("TCI") (Dkt. No. 323) on the following grounds:

**I.   CYPRUS' OBJECTIONS TO TCI'S PROPOSED FINDINGS OF FACT.**

**134., 142., 375., 404. & 405.**  Cyprus objects to these proposed Findings of Fact because they cite to and rely upon excerpts of the February 18, 2016 deposition testimony of Ms. Alicia Voss, which testimony is not part of the trial record before the Court.  At trial, the Court instructed the parties to submit deposition designations for the record *only* for those witnesses who did not testify live at trial.  TCI did not object to this instruction and the parties complied, such that TCI did not submit any deposition testimony of Ms. Voss, who testified live at trial, as part of TCI's deposition designations.  Even if the deposition testimony of Ms. Voss were part of the trial record, her testimony cited by TCI in proposed Findings of Fact 404. and 405. is subject to unresolved objections on relevance grounds (*see* Dkt. No. 256).

**310., 311. & 319.**   Cyprus objects to these proposed Findings of Fact because they cite to and rely upon certain deposition exhibits from the depositions of Mr. Mark Gardiner (Exhibits 17 and 21) and Mr. Michael Cooper (Exhibit 12) that are not part of the trial record

1

before the Court. The parties' respective deposition designations did not include any deposition exhibits (*see* Dkt. Nos. 248, 249, 250, 251), and the deposition exhibits cited by TCI in these Findings of Fact were not used at trial nor admitted as trial exhibits.

## II.  CYPRUS' OBJECTIONS TO TCI'S PROPOSED CONCLUSIONS OF LAW.

**150. through 155.** Cyprus objects to these proposed Conclusions of Law because they constitute a purported analysis of the necessity and NCP consistency of costs associated with a "VSM Program" hypothesized by TCI based on Cyprus' Trial Exhibit 12A, without any supporting expert opinion, analysis or testimony offered by TCI at trial. To the contrary, at trial, TCI's proffered expert, Mr. Jay Vandeven, expressly stated that he had not undertaken any analysis to "break out" components of Cyprus' claimed costs in the manner that TCI has set forth in its proposed Conclusions of Law:

> **THE WITNESS:** [Opinion] No. 4 is my opinion on whether or not the costs were necessary costs of response and incurred consistent with the NCP. Based on the data that were available at the start of the CSP, I don't believe any of the soil sampling costs were necessary costs of response nor were they incurred consistent with the National Contingency Plan. I would say that probably some costs related to the visible smelter material were necessary and consistent with the NCP but I have not broken that out.

*See* Trial Transcript, March 1, 2018, 807:15-23 (Vandeven Testimony). Further, in response to a question by the Court, Mr. Vandeven specifically confirmed that he did not perform any such analysis and was not offering any expert opinion in this regard on behalf of TCI:

> **THE WITNESS:** [Opinion] 10.3 is a factor that should be considered, as, again, that the -- that if they had properly considered all the data available at the time of the CSP, a dramatically curtailed or constrained program would have been implemented.
>
> **THE COURT:** And once again for the record, you're not offering any opinion on what that more modest cost would have been?
>
> **THE WITNESS:** I have not, no. I have not done that analysis.

2

*See also* Trial Transcript, March 1, 2018, 880:24 – 811:7 (Vandeven Testimony). As such, TCI's proposed Conclusions of Law represent an attempt by TCI to present an untimely post-trial analysis and breakdown of Cyprus' claimed costs that was never presented at trial, and accordingly finds no support in the trial record. *See* Fed. R. Civ. P. 26(a)(2)(D) ("*Time to Disclose Expert Testimony.* A party must make these disclosures at the times and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made: (i) at least 90 days before the date set for trial or for the case to be ready for trial; or (ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure."). TCI's inclusion of these proposed Conclusions of Law without having offered any such expert opinion, analysis or testimony at trial is unfairly prejudicial to Cyprus because in so doing, TCI has deprived Cyprus of any opportunity to cross-examine Mr. Vandeven or other TCI trial witnesses as to this new analysis of Cyprus's claimed costs, or otherwise challenge this analysis at trial. TCI elected not to present any purported "VSM Program" cost analysis at trial, and cannot properly or fairly do so for the first time now via proposed Conclusions of Law.

Respectfully submitted,

/s/ *John F. Stoviak*
Reid E. Robison, Esquire
OBA No. 7692
Timothy J. Bomhoff, Esquire
OBA No. 13172
*McAfee & Taft A Professional Corporation*
211 N. Robinson, Suite 1000
Two Leadership Square, 10th Floor
Oklahoma City, OK 73102

OF COUNSEL (Admitted *pro hac vice*):
John F. Stoviak, Esquire
Cathleen M. Devlin, Esquire
*Saul Ewing Arnstein & Lehr LLP*
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA  19102-2186
Telephone: 215-972-1095
Facsimile: 215-972-1921

*Counsel for Plaintiff*
*Cyprus Amax Minerals Company*

Dated:  May 21, 2018

## CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of *Plaintiff's Objections to Certain of Defendant's Proposed Findings of Fact and Conclusions of Law* were served on this date via the Court's ECF system upon the following counsel of record:

>Mark D. Coldiron, Esquire
>Paula M. Jantzen, Esquire
>*Ryan Whaley Coldiron Jantzen Peters & Webber*
>900 Robinson Renaissance
>119 North Robinson Avenue
>Oklahoma City, OK 73102
>mcoldiron@ryanwhaley.com
>pjantzen@ryanwhaley.com
>
>Paul D. Steinman, Esquire
>*Eckert Seamans Cherin & Mellott, LLC*
>600 Grant Street, 44th Floor
>US Steel Tower
>Pittsburgh, PA 15219
>psteinman@eckertseamans.com
>
>/s/ *John F. Stoviak*
>John F. Stoviak

Dated: May 21, 2018