IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **Cyprus Amax Minerals Company,** | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 11-CV-252-CVE-FHM |
| **TCI Pacific Communications, LLC** | ) |
| Defendant. | ) |

DEFENDANT'S RESPONSE TO PLAINTIFF'S
OBJECTIONS TO CERTAIN OF DEFENDANT'S PROPOSED FINDINGS OF FACT
AND CONCLUSIONS OF LAW (DOC. NO. 324)

Defendant TCI Pacific Communications, LLC ("TCI") responds to Plaintiff Cyprus Amax Minerals Company's ("Cyprus") *Objections to Certain of Defendant's Proposed Findings of Fact and Conclusions of Law* (Doc. No. 324) as follows:

**1.    Objections to Proposed Findings of Fact 134, 142, 375, 404, and 405**

Cyprus objects to TCI's citation, in support of its proposed Findings of Fact 134, 142, 375, 404, and 405, of the deposition testimony of the Cyprus Rule 30(b)(6) designee, Alicia Voss. Cyprus's objection is contrary to long-established law. Fed. R. Civ. P. 32(a)(3) plainly states:

> "An adverse party may use for any purpose the deposition of a party or anyone who, when deposed, was the party's officer, director, managing agent, or designee under Rule 30(b)(6) or 31(a)(4)."

Rules 32(a) creates its own exception to the hearsay rule. Charles A. Wright *et al.*, FEDERAL PRACTICE AND PROCEDURE, § 2143 (3d ed. 2018) (explaining that "Rule 32(a) creates of its own force an exception to the hearsay rule"); *see also Dodson Aviation, Inc. v. HLMP Aviation Corp.*, No. 08-4102-KGS, 2011 WL 1234705, at *10 (D. Kan. Mar. 31, 2011) ("Deposition testimony is

normally inadmissible hearsay, but Fed. R. Civ. P. 32(a) creates an exception to the hearsay rules."). Unless subject to an objection independent of hearsay, Rule 30(b)(6) deposition testimony is admissible regardless of whether the deponent did or did not testify at trial. *See Cmty. Counselling Serv., Inc. v. Reilly*, 317 F.2d 239, 243 (4th Cir. 1963) ("[I]t is quite immaterial that the adversary is available to testify at the trial or has testified there. Thus applied, the Rule is a restatement of the long recognized rule of evidence that statements of a party which are inconsistent with his claim in litigation are substantively admissible against him.").

In a case with similarities to this one, the plaintiff sought to admit, *inter alia,* portions of the 30(b)(6) testimony of a Mr. Damschroder, as substantive evidence, in its proposed findings of fact and conclusions of law. *See Ohio Org. Collaborative v. Husted*, 2016 U.S. Dist. LEXIS 85703 (S.D. Ohio 2016). Defendants objected on the basis that Mr. Damschroder had testified at trial. As TCI has done here,

> "…Plaintiff did not seek to nor did they read the deposition designations into the record at trial but rather sought to admit them for the Court's post-trial consideration. Judicial efficiency in conducting the trial was therefore not a concern."

> *Id.* at *10.

As a result, the district court overruled defendants' objection.

In this case, there was no need to read Cyprus's deposition testimony into the record; the admissions of Cyprus had already been established by the testimony of their 30(b)(6) designee, Ms. Voss, and that testimony is appropriate as cited by TCI.[1] *See Pursche v. Atlas Scraper &*

---

[1] It seems obvious that the Court would not have wanted TCI to expend significant time on the record reading excerpts from Ms. Voss's deposition testimony that may or may not have (and likely would not have) ended up being cited in the proposed Findings of Fact and Conclusions of Law that it had yet to draft, and would not file for more than two months thereafter.

*Eng'g Co.*, 300 F.2d 467, 488 (9th Cir. 1961) ("[S]ubsection two[2] permits 'an adverse party' to use the deposition of 'a party for any purpose' and imposes no preliminary conditions to this use of the testimony. This is but a tacit way of saying that the deposition can be used as original evidence regardless of the presence or absence of the deponent."); *see also Kelly Servs., Inc. v. Creative Harbor, LLC*, 846 F.3d 857, 867 (6th Cir. 2017) (holding under Rule 32(a) that the testimony of a Rule 30(b)(6) deponent, "was binding on [the corporation] and the district court did not err in considering it.").

With respect to Cyprus's independent objections as to proposed Findings of Fact 404 and 405, TCI believes those relevancy objections to have been resolved prior to the submission of TCI's proposed Findings of Fact by virtue of the Court's admission into evidence of TCI's Exhibit DX-520. *See* Trial Transcript at 361: 20-21.

**2.     Objections to Proposed Findings of Fact 310, 311, and 319**

With regard to TCI's proposed Findings of Fact 310, 311, and 319, Cyprus apparently concedes that submission of Mr. Gardiner's and Mr. Cooper's deposition testimony as evidence is appropriate (Mr. Gardiner and Mr. Cooper were unavailable at the time of trial), but objects to the use of the exhibits as to which their cited testimony relates. The exhibits cited were identified and authenticated at deposition and Cyprus has identified no specific objection to them. Common sense suggests that the exhibits as to which the cited testimony relates should be permitted as support for proposed Findings of Fact absent a disabling objection.

---

[2]    Subsection 2 of the prior Rule 26(b) is the current version of Rule 32(a)(3). *See* the notes to the 1970 Amendments to Fed. R. Civ. P. 32 explaining that "as part of the rearrangement of the discovery rules, existing subdivisions (d), (e), and (f) of Rule 26 are transferred to Rule 32 as new subdivisions (a), (b), and (c)" and the notes to the 1993 Amendments explaining that subdivision 32(a) has been restructured.

**3.      Objections to Proposed Conclusions of Law 150 - 155**

Cyprus objects to TCI's proposed Conclusions of Law 150 - 155. Cyprus complains that Mr. Vandeven did not testify to those proposed Conclusions, which is true. However, TCI does not cite Mr. Vandeven's testimony as the basis for the proposed Conclusions of Law or otherwise offer these proposed Conclusions of Law as expert testimony or opinion. TCI merely suggests that the trial record – particularly, Cyprus's own Exhibit 12A – provides the evidence needed should the Court choose to replicate the cost analysis in TCI's proposed Conclusions of Law 150-155 and the table which TCI has set forth in its proposed Conclusion of Law 155.

Respectfully submitted,

*Mark D. Coldiron*
Mark D. Coldiron, OBA #1774
Paula M. Jantzen, OBA #20464
RYAN WHALEY COLDIRON JANTZEN
PETERS & WEBBER PLLC
119 North Robinson, Suite 900
Oklahoma City, Oklahoma 73102
(405) 239-6040 (Telephone)
(405) 239-6766 (Facsimile)
*mcoldiron@ryanwhaley.com*
*pjantzen@ryanwhaley.com*

-and-

Paul D. Steinman, PA. Bar #49730
ECKERT SEAMANS CHERIN & MELLOTT LLC
U.S. Steel Tower
600 Grant Street, 44th Floor
Pittsburgh, PA 15219
(412) 566-6000 (Telephone)
(412) 566-6099 (Facsimile)
*psteinman@eckertseamans.com*

**Counsel for TCI Pacific Communications, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of May, 2018, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Reid E. Robison
Timothy J. Bomhoff
*McAfee & Taft A Professional Corporation*
211 North Robinson Avenue, Suite 1000
Two Leadership Square, 10th Floor
Oklahoma City, OK 73102
*reid.robison@mcafeetaft.com*
*tim.bomhoff@mcafeetaft.com*

John F. Stoviak
Cathleen M. Devlin
Christina D. Riggs
Patrick M. Hromisin
Amy L. Piccola
*Saul Ewing LLP*
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102-2186
*jstoviak@saul.com*
*cdevlin@saul.com*
*criggs @saul.com*
*phromisin@saul.com*
*apiccola@saul.com*

      *Mark D. Coldiron*
      Mark D. Coldiron